United States District Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENT VU PHAN** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:22-CV-4036** |
| | § | |
| **AURORA MEDICAL CENTER,** | § | |
| *et al.*, | § | |
| | § | |
|     **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending Before the Court is Defendant Dr. Allen Dorsett's Motion to Dismiss for Failure to State a Claim. (Dkt. No. 6.) Also Pending before the Court are Defendant The Aurora Medical Center's Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, and Motion for a More Definite Statement. (Dkt. Nos. 8, 9, 10.) Additionally Pending are Defendant Go Imaging MRI's Motion to Dismiss for Failure to State a Claim and Motion to Deem Appearance and Answer Timely. (Dkt. Nos. 27, 37.) Finally pending are Plaintiff's Motion for Extension of Time, Motion to Request for Medical Recommendation, Motion Requesting Medical Reconcideration [sic] on Plaintiff Injury, another Motion for Medical Reconcideration [sic], and Motion Requesting a Hearing. (Dkt. Nos. 21, 42, 43, 47, 49.) Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motions to Dismiss for Failure to State a Claim be **GRANTED** (Dkt. Nos. 6, 27), all other pending motions and requests for relief be **DENIED AS MOOT,** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff be declared a vexatious litigant.

    **I.**        **BACKGROUND**

On November 16, 2022, Kent Vu Phan ("Plaintiff") filed his *pro se* claim in this Court against The Aurora Medical Center of Colorado, Dr. Allen Dorsett, and Go Imaging MRI (collectively "Defendants"). (Dkt. No. 1.) In his Complaint, Plaintiff seems to assert that insurance companies hired a doctor to purposefully crack a vertebra in his spine, resulting in long-term pain and emotional distress. (*Id.* at 3–4.) He also claims his MRI images taken at Go-Imaging were intentionally distorted. (*Id.*) Particularly, Plaintiff asserts that the technicians purposefully distorted the images to make him look like a bullfrog. (*Id.* at 7.) He contends "[a]ll were intntionally [sic] violated to plaintiff's dignitary. Plaintiff as a animal [sic] not a human." (Dkt. No. 1-2 at 5.) Plaintiff raises many complaints about various doctors, medical providers, insurance companies, and pharmacies complaining about "malicious" denial of pain medication, bullying, "counter science" medical treatment, and retaliation. (*Id.* at 2–9.) Additionally, Plaintiff highlights that Colorado judges and court clerks mishandled his case in district court. (*Id.* at 5–6.) The majority of these individuals or entities Plaintiff takes issue with are not named as defendants in this action. Plaintiff asserts numerous claims, most of which involve a deprivation of civil rights. (*See id.* generally.)

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject

matter jurisdiction." *Crowell v. Lahood*, No. CIV.A. H-09-1788, 2011 WL 147913, at *1 (S.D. Tex. Jan. 18, 2011). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and

alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

*Sua sponte*, the Court recognizes that Plaintiff has not demonstrated subject matter jurisdiction over the Defendants. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*, even on appeal." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) "[A] district court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *1 (S.D. Tex. Apr. 6, 2022). As discussed below, Plaintiff's pleadings are frivolous. Thus, this Court recommends that this case be dismissed on the basis of a lack of subject matter jurisdiction.

#### B. FAILURE TO STATE A CLAIM

Defendants correctly assert that Plaintiff's claim should also be dismissed under 12(b)(6) for failure to state a claim. (Dkt. Nos. 6, 27.) Here, even when liberally construed, Plaintiff's Complaint and attached documents fail to state a claim. The Complaint does not demonstrate how the facts Plaintiff alleges relate to his various claims of deprivation of rights. (*See* Dkt. No. 1.) As described above, Plaintiff's Complaint and numerous filings are altogether nonsensical. The

Complaint is full of unexplained and illogical arguments such as perhaps his most delusional argument that an MRI was purposefully altered to make him look like a bullfrog. Another example of this is Plaintiff's contention of "retaliation" when nowhere in his Complaint does he allege an employer/employee relationship. Plaintiff's arguments that doctors and pharmacies refused to refill his pain medications are similarly confusing and unsupported, as he does not present any objective evidence of why these medical providers were incorrect in their assessment that Plaintiff no longer needed this medication. Plaintiff's Complaint is altogether frivolous and incomprehensible, as are his other various motions and filings.

Plaintiff has thus failed to state a claim upon which relief can be granted. *See, e.g.*, *Hamilton v. Czyzyk*, No. 16-CV-994, 2017 WL 5649608, at *1 (S.D. Tex. Mar. 31, 2017) (granting 12(b)(6) motion to dismiss "[b]ecause the plaintiff's complaint is incomprehensible, does not appear to state the grounds upon which this Court's jurisdiction depends and does not contain a short and plain statement showing that he is entitled to relief or damages for which this Court can award"), *aff'd sub nom. Hamilton v. Trump*, 697 F. App'x 325 (5th Cir. 2017); *Cruz v. Aransas Pass Police*, No. 2:22-CV-00103, 2022 WL 3110122, at *3 (S.D. Tex. July 7, 2022) (recommending plaintiff's claims be dismissed for failure to state a claim and as frivolous due to "confusing and unintelligible" pleadings), *report and recommendation adopted*, No. 2:22-CV-00103, 2022 WL 3104861 (Aug. 4, 2022). Thus, the Court recommends the motions to dismiss for failure to statute a claim should be granted.

### C.  LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff has not requested leave to amend. However, Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "When a plaintiff's complaint fails to state a claim, the court should

generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Ricardo v. Bank of N.Y. Mellon*, No. 16-CV-3238, 2017 WL 3424975, at *2 (S.D. Tex. Aug. 9, 2017) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). It is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how he can cure any defects. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying leave to amend after dismissing claims under Rule 12(b)(6) because "the plaintiffs did not demonstrate to the court how they would . . . cure the pleading defects raised by the defendants" and did not proffer a proposed amended complaint). Additionally, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Amendment would be futile if the proposed amended complaint "fail[s] to state a claim upon which relief could be granted." *Thomas v. Samuel*, No. 2:22-CV-00158, 2023 WL 1529544, at *1 (S.D. Tex. Feb. 2, 2023) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

Despite Plaintiff appearing *pro se*, he should not be granted leave to amend. The Court should not grant leave to amend because it does not have subject matter jurisdiction to do so. "Because this court has determined that it has no jurisdiction over [Plaintiff]'s suit, this [C]ourt has no jurisdiction to allow [Plaintiff] to amend his [C]omplaint." *Walter v. Old Am. Cnty. Mut. Fire Ins. Co.*, No. CIV.A. H-12-2581, 2012 WL 5818227, at *3 (S.D. Tex. Nov. 14, 2012).

Alternatively, Plaintiff should also not be granted leave to amend on a 12(b)(6) basis. The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the

record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Fierro v. Knight Transp.*, No. 12-CV-218, 2012 WL 4321304, at *8 (W.D. Tex. Sept. 18, 2012) ("Because Rule 12(b)(6) dismissals of *pro se* complaints are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (quotations and alterations omitted). This is true even when a plaintiff fails to respond to the motion to dismiss or request leave to amend. *See, e.g.*, *Davis v. Am. Mortg. Network, Inc.*, No. 11-CV-1690, 2012 WL 13018977, at *2 (N.D. Tex. Jan. 18, 2012), *report and recommendation adopted*, 2012 WL 537594 (Feb. 16, 2012); *Ramirez v. United States*, No. 01-CV-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003).

Here, Plaintiff's filings make clear that any amendment would be futile. "Because Plaintiff has not demonstrated that [he] could state a viable claim for relief against any defendant, [he] should not be granted leave to amend in this case." *Devabhaktuni v. C.P.S.*, No. 3:19-CV-1743-N-BT, 2020 WL 4745050, at *6–7 (N.D. Tex. July 16, 2020) (recommending that *pro se* Plaintiff should not be granted leave to amend her allegations where her "filings [were] filled with paranoid, fanciful, and delusional factional assertions"), *report and recommendation adopted*, No. 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020).

### D. Pre-Filing Injunction

"No one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981) (internal citation omitted). "While the legal system serves many functions, it is not a vehicle for harassing actions at the expense of others." *Mustapha v. HSBC Bank, USA*, No. 4:12-CV-01924, 2013 WL 632856, at *7 (S.D. Tex. Feb. 20, 2013). "[F]ederal courts [] have the inherent power to impose sanctions against vexatious litigants." *Newby v. Enron Corp.*, 302 F.3d 295, 302

(5th Cir. 2002). "This includes the authority to enjoin parties, including *pro se* litigants, from making vexatious filings with the court." *Zawislak v. Mem'l Herman Health Sys.*, No. CV H:21-3098, 2022 WL 4358097, at *1 (S.D. Tex. Sept. 19, 2022) (italicization added).

Plaintiff has a long history of filing lawsuits that courts ultimately dismissed as frivolous. The U.S. District of Colorado Court detailed this extensive history in *Phan v. Nat'l Jewish Health*, No. 17-CV-02353-GPG, 2018 WL 10425416, at *1–2 (D. Colo. July 31, 2018), *aff'd*, 762 F. App'x 502 (10th Cir. 2019) and *Vu Phan v. State Farm Ins. Co.*, No. 17-CV-03073-GPG, 2018 WL 10425417, at *1–2 (D. Colo. July 31, 2018), *aff'd sub nom. Phan v. Colorado Legal Servs.*, 769 F. App'x 520 (10th Cir. 2019). Accordingly, based on Plaintiff's pattern of frivolous filings, this Court further recommends that Plaintiff be deemed a vexatious litigant and that a pre-filing order is appropriate. *See Hurt v. Encinia*, No. CIV.A. H-15-2602, 2015 WL 6674820, at *3 (S.D. Tex. Oct. 30, 2015).

## IV.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendants Motions to Dismiss for Failure to State a Claim be **GRANTED**. (Dkt. Nos. 6, 27). The Court also **RECOMMENDS** all other motions and requests for relief be **DENIED AS MOOT** and Plaintiff's case be **DISMISSED WITH PREJUDICE.** The Court further **RECOMMENDS** that Plaintiff be declared a vexatious litigant.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on May 23, 2023.

Sam S. Sheldon
United States Magistrate Judge